IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL TAYLOR, aka KIRELL FRANCIS BETTIS. ) | Case No. 1:10-cv-01892 LJO JLT |
| Plaintiff, ) | FINDINGS AND RECOMMENDATIONS DISMISSING COMPLAINT WITH PREJUDICE |
| vs. ) | |
| U.S. DEPARTMENT OF STATE, ) | (Doc. 1) |
| Defendant. ) | |
| _____ ) | |

I.      Screening

        Plaintiff is a prisoner and seeks damages against an agency of the United States government.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).   For the reasons set forth below, the complaint is **DISMISSED WITH PREJUDICE**.

## II.    Background

Plaintiff is a prisoner serving a life sentence without the possibility of parole.  (Doc. 1 at 4)  Plaintiff is a practicing Moslem and he alleges that being an American citizen is contrary to his beliefs.  Id.  As a result, Plaintiff has sought to renounce his citizenship.  Id.  He asserts that he wishes to establish his own country and has provided a website print-out that discusses the availability of islands, which are part of an archipelago near Dubai, for purchase for that purpose. (Doc. 1, Ex. C)

To achieve his goal of relieving himself of Untied States citizenship, Plaintiff mailed letters to the State Department in March 2009 and May 2009.[1]  Id.  In response, the State Department referred Plaintiff to 8 USC § 1481, which sets forth the circumstances under which he may renounce his citizenship.  (Id.; Doc. 1, Ex B.)  The State Department pointed out to Plaintiff that, in order to renounce his citizenship, he must make his formal renunciation of his nationality *while in a foreign state* and that a renunciation may be effective while still in the United States *only* if this country is in a state of war.[2]  Clearly, due to Plaintiff's state of incarceration, he is prohibited from the necessary travel.

Plaintiff admits that he has not complied with 8 USC § 1481 but claims that its requirements are unconstitutional and are in conflict with his religious freedoms.  He admits also that he has not sought administrative review of the decision to reject his renunciation but claims that the agency has no such review process.[3] (Doc. 1 at 2)

---

[1] Apparently, Plaintiff attempted his renunciation twice; once under the name "Taylor" and once using the name "Bettis." (Doc. 1 at Ex. B) The State Department responded in exactly the same way to both attempts. Id.

[2] Although the United States is engaged in conflicts in Iraq and Afghanistan, these are occurring under "military engagements" rather than under a formal declaration of war. Thus the procedure set forth in 8 USC § 1481(a)(6), does not apply.

[3] Thus, the Court finds also that Plaintiff has failed to exhaust his administrative remedies. Colon v. United States Dep't of State, 2 F. Supp. 2d 43, 45 (D.D.C. 1998) ["The approval, or disapproval, of the issuance of certification is committed by statute to the discretion of the Secretary and thus not subject to this Court's mandamus jurisdiction."]

1    **III.    Analysis**

2        **A.    The complaint fails to state a claim because the United States is immune from**

3            **suit.**

4        The United States is immune from suit unless it has waived its sovereign immunity and

5    consents to be sued. See, e.g., United States v. Dalm, 494 U.S. 596, 608 (1990); United States v.

6    Sherwood, 312 U.S. 584, 586 (1941); United States v. Shaw, 309 U.S. 495, 500-501 (1940);

7    Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).  Absent a waiver of sovereign

8    immunity, a federal court lacks subject-matter jurisdiction over a claim against the United States,

9    and dismissal is required. Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982). A

10    waiver of sovereign immunity cannot be implied; rather, it must be unequivocally expressed.

11    United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351, 63 L. Ed. 2d 607 (1980).

12        An action brought against a federal agency, such as the State Department, effectively, is

13    an action brought against the United States.  See, e.g., Dugan v. Rank, 372 U.S. 609, 620 (1963);

14    Blackmar v. Guerre, 342 U.S. 512, 514-515 (1952).  As a Department of the United States, the

15    State Department possesses the same sovereign immunity as the United States.  Therefore, it

16    cannot be sued absent an express waiver of that immunity. State of Neb. ex rel. Dep't. of Soc.

17    Servs. v. Bentson, 146 F.3d 676, 679 (9th Cir. 1998).

18        In Santucci v. United States State Dep't, 2005 U.S. LEXIS 29028 at *7 (D. Ariz. Nov. 21,

19    2005), the Court considered an action filed by plaintiffs who sought to renounce their United

20    States citizenship.  The State Department refused to issue the plaintiffs a Certificate of Loss of

21    Nationality because it determined that they sought to retain certain privileges of citizenship and,

22    hence, failed to demonstrate that their renunciation was voluntary. Id. at *6.  Plaintiffs sued and

23    the Court granted the government's motion to dismiss based upon the doctrine of sovereign

24    immunity. Id. at *6-8. Thus, as in Santucci, the Court recommends that the matter be

25    **DISMISSED** based upon sovereign immunity.

26    ///

27

**B.**   **The complaint fails to state a claim because Plaintiff has no right to renounce his citizenship while a prisoner.**

A United States citizen has the right to renounce his citizenship. <u>Nishikawa v. Dulles</u>, 356 U.S. 129, 139 (1958).  Congress has broad authority over the circumstances and the procedures a citizen must satisfy to expatriate.  Article I, Section 8 of the Constitution establishes that "Congress shall have power . . . To establish an uniform Rule of Naturalization."  This Constitutional mandate empowers Congress to define "the processes through which citizenship is acquired or lost," to determine "the criteria by which citizenship is judged," and to fix "the consequences citizenship or noncitizenship entail." <u>Davis v. District Director, INS</u>, 481 F. Supp. 1178, 1183-84 n. 8 (D.D.C. 1979) citing L. Tribe, American Constitutional Law 277 (1978).  Congress has set forth how a United States citizen may lose or surrender his citizenship. 8 USC § 1481.  Notably, this statute reads,

> (a) A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality–
> [¶¶]
> (5) making a formal renunciation of nationality before a diplomatic or consular officer of the United States in a foreign state, in such form as may be prescribed by the Secretary of State; or
> (6) making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense

<u>Id.</u>

Courts have held that a prisoner has no right to extraordinary expatriation procedures. In <u>Koos v. Holm</u>, 204 F.Supp.2d 1099, 1108 (W.D. Tenn 2002), the plaintiff was an inmate held in federal custody.  Koos attempted to renounce his citizenship and sought judicial assistance in this endeavor once he was refused a  Certificate of Loss of Nationality.  <u>Id.</u> at 1108. In denying this relief, the court determined that Koos lost his right to renounce his citizenship while he remained a prisoner.  <u>Id.</u>  The fact that Koos could do so, if he was permitted to leave the country, was of

4

no moment.  Id.  The Court held,

> Koos may renounce his citizenship by following any other provision of § 1481.
> The attached letter of the officer in charge of the United States Department of
> Justice Immigration and Naturalization Service, Memphis Sub-Office contains the
> suggestion that Koos travel to a country mentioned in his letter and formally
> renounce his citizenship to a United States Consular Officer. "Lawful
> incarceration brings about the necessary withdrawal or limitation of many
> privileges and rights, a retraction justified by the considerations underlying our
> penal system." Hewitt, 459 U.S. at 467; Bell, 441 U.S. at 546; Wolff, 418 U.S. at
> 564. The courts have repeatedly held that association with other persons,
> regardless of the constitutional source of the protection of that activity, is
> necessarily restricted as an incidental and inevitable result of incarceration. Pell v.
> Procunier, 417 U.S. 817, 41 L. Ed. 2d 495, 94 S. Ct. 2800, 71 Ohio Op. 2d 195
> (1974)(enunciating general principle that incarceration necessarily restricts an
> inmate's personal freedoms, particularly associational freedoms).  After Koos fully
> serves his sentence, he is free to travel to another country and renounce his
> citizenship to a United States Consular Officer. As he is a prisoner at this time, he
> may not exercise this right. Accordingly, Koos' motion for an order allowing him
> to renounce his citizenship is DENIED

Here, though Plaintiff complains that maintaining his United States citizenship is contrary

to his religious conviction, he has failed to demonstrate any entitlement to a variance in the

requirements for renunciation.  As in Koos, the Court finds that, due to his incarceration, Plaintiff

has lost his right to renounce his citizenship under  8 USC § 1481(a)(5).  Until he has served his

sentence, he will not be free to perform those acts needed to renounce his citizenship.

Finally, even assuming Plaintiff has a constitutional right to renounce his citizenship[4],

only the Secretary of State is authorized to determine the effectiveness of his renunciation such

"to trigger that right." Colon, 2 F. Supp. 2d at 45. Therefore, the Court recommends the

complaint be **DISMISSED** because it fails to state a claim

///

---

[4] Plaintiff's apparently argues in the alternative that his right to renounce his citizenship is not controlled by the
United States Constitution and is, instead, controlled by the Expatriation Act of 1968.  This is incorrect. Fedorenko v.
United States, 449 U.S. 490, 506 (U.S. 1981) ["At the same time, our cases have also recognized that there must be strict
compliance with all the congressionally imposed prerequisites to the acquisition of citizenship. Failure to comply with
any of these conditions renders the certificate of citizenship "illegally procured," and naturalization that is unlawfully
procured can be set aside."]

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the complaint be **DISMISSED WITH PREJUDICE**.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within 14 days after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 20, 2010**                            **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE